# Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, New York 11365
Telephone: 718.785.0543
Facsimile: 866.596.9003
bill@wfhlegal.com

July 5, 2013

Hon. Frederic Block, U.S.D.J.
UNITED STATES DISTRICT COURT
Eastern District of New York
Long Island Federal Courthouse
944 Federal Plaza
Central Islip, New York 11722

      RE:     ***Katz v. Culver Narrows Beer Distributors, Inc.***
                  E.D.N.Y. Case No. 1:12-cv-04914-FB-VVP

Dear Senior Judge Block,

I am co-counsel for the Plaintiff. I write pursuant to Your Honor's Individual Practice Rules 2.A and 1.E to respectively request either: (1) a pre-motion conference with respect to Plaintiff's desire for leave to file a Fed. R. Civ. P. 23 Motion for Class Certification; or, in the alternative, (2) an extension of time in which to file Plaintiff's Motion for Default Judgment. The basis underpinning Plaintiff's foregoing alternative requests is set forth below.

***Relevant Procedural History***

On October 1, 2012, Plaintiff filed this class action lawsuit alleging that Defendant, Culver Narrows Beer Distributors, Inc. ("Defendant" or "Culver Narrows"), violated the Fair and Accurate Credit Transactions Act ("FACTA") amendment to the Fair Credit Reporting Act, 15 U.S.C. §§ 1681, *et seq.* ("FCRA"). On December 4, 2013, after being granted an extension of time, Defendant filed an Answer to the Complaint. [Doc. 5].

On January 30, 2013, the Court held an Initial Conference with the Parties at which time a discovery schedule was entered; a second conference was also scheduled for April 24, 2013. [Doc. 6]. On February 18, 2013, in compliance with the Court's Scheduling Order, Plaintiff served his initial sets of written discovery on Defendant. In March 2013 a dispute arose between Defendant and its counsel of record, which resulted in Defendant ceasing all communications with its counsel, and its counsel filing a Motion to Withdraw. [Doc. 7].

On April 12, 2013, the Court held a hearing on Defendant's counsel's Motion to Withdraw [Docs. 7 & 9], at which time the Court entered an Order granting the motion and directing

Hon. Frederic Block, U.S.D.J.
*Katz v. Culver Narrows Beer Distributors, Inc.*
July 5, 2013
Page 2

Defendant to obtain new counsel and have them enter an appearance by May 12, 2013. [Doc. 12]. The Court's order further stated, in relevant part, that:

> **If an attorney has not entered a notice of appearance on [Defendant's] behalf in this case by May 12, 2013, you will be in default, and the plaintiff may obtain a default judgment against [Defendant].**

*Id.* (Emphasis in Original). The same day, Defendant's counsel served Defendant with a copy of the Court's foregoing order permitting their withdrawal. [Doc. 13]. On April 23, 2013, the Court adjourned the previously scheduled April 24th status conference in view of the fact that Defendant had not retained new counsel.

To date, Defendant still has not retained new counsel to enter an appearance in the case. Accordingly, on June 24, Your Honor entered an Order directing Plaintiff to serve and file a Motion for Default Judgment.

*<u>Plaintiff's Motion for Class Certification</u>*

This lawsuit is styled as a class action and, as such, seeks class relief. To date, Plaintiff has obtained enough discovery from Defendant to establish all of the elements required for class certification pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

The court must determine whether to certify an action as a class action "at an early practicable time" after a person sues as a class representative. Fed. R. Civ. P. 23(c)(1)(A); *Siskind v. Sperry Ret. Program*, 47 F.3d 498, 503 (2d Cir. 1995). The purpose of the mandatory notice requirement in Rule 23(c)(2)(B) is to ensure that absent class members are aware of the action <u>*before*</u> the merits of the case are adjudicated, and to make sure that class members can choose whether to be bound by the judgment or to opt out before the adjudication of the merits.

Plaintiff is mindful of this Court's Order directing him to move for default judgment; however, as a class has not yet been certified Plaintiff is concerned about running afoul of the one-way intervention rule, which serves a procedural safeguard for defendants. "One-way intervention" occurs when the potential members of a class action are allowed to "await . . . final judgment on the merits in order to determine whether participation [in the class] would be favorable to their interests." *Am. Pipe & Constr. Co. v. State of Utah*, 414 U.S. 538, 547 (1974); *London v. Wal-Mart Stores, Inc.*, 340 F.3d 1246, 1252 (11th Cir. 2003). Rule 23(c)(2)'s requirement that, in opt-out class actions, notice be given to all class members as soon as practicable was intended by Congress to prevent one-way intervention. *London v. Wal-Mart Stores, Inc., supra; Schwarzschild v. Tse*, 69 F.3d 293, 295 (9th Cir. 1995).

Because putative class members are not bound by the disposition of a case in which no class is certified, some courts have made the defendant's consent a precondition to a dispositive ruling

Hon. Frederic Block, U.S.D.J.
*Katz v. Culver Narrows Beer Distributors, Inc.*
July 5, 2013
Page 3

prior to certification. *See e.g., Wright v. Schock*, 742 F.2d 541, 543-544 (9th Cir. 1984); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 (D.C. Cir. 2001); *Reynolds v. Barrett*, 741 F. Supp. 2d 416, 425 (W.D.N.Y. 2010); *Brecher v. Republic of Arg.*, 2010 U.S. Dist. LEXIS 95566, *5-6 (S.D.N.Y. Sept. 14, 2010).

In view of the foregoing, Plaintiff respectfully requests that the Court grant him time to move for class certification and, if the motion is granted, to: (1) serve the class notice; and then, (2) move for default judgment.

### *Alternatively - Extension on Plaintiff's Motion for Default Judgment*

In the event the Court still prefers for Plaintiff to move forward with a Motion for Default Judgment, Plaintiff respectfully requests an two-week extension from the date the Court rules on the herein requests to file the motion. As noted above, the original due date for this motion is July 8, 2013. Plaintiff has not sought any prior extensions, and it is unknown if Defendant consents to the request as it previously ceased communication and is not presently represented by counsel; as noted, *infra*, a copy of this letter is being served on Defendant via overnight delivery.

Plaintiff respectfully thanks Your Honor for the Court's consideration and guidance regarding his herein requests.

Very truly yours,

William F. Horn
*via ECF Filing*

 cc: All Counsel of Record *via ECF Filing Only*

   Defendant, Culver Narrows Beer Distributors, Inc.
   ATTN: Andre Pantaleo
   990 McDonald Avenue
   Brooklyn, NY 11230
   *Via FedEx Overnight Delivery Only*