UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| YAAKOV KATZ, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br> -against-<br><br>CULVER NARROWS BEER DISTRIBUTORS, INC., a New York corporation; ANDRE PANTALEO, Individually and in his Official Capacity on behalf of CULVER NARROWS BEER DISTRIBUTORS, INC.; and JOHN AND JANE DOES NUMBERS 1 THROUGH 25<br><br>       Defendants. | Index No.: 1:12-cv-04914-DLI-VVP |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT ANDRE PANTALEO'S MOTION TO DISMISS IN LIEU OF ANSWER

  Defendant Andre Pantaleo by and through his undersigned counsel, respectfully submits this Memorandum of Law in support of his Motion in lieu of Answer to Dismiss Plaintiff's First Amended Complaint.

### PRELIMINARY STATEMENT

  This is a motion to dismiss the Plaintiff's First Amended Complaint against Andre Pantaleo. Plaintiff brings this action asserting a violation of the Fair and Accurate Credit Transactions Act (FACTA), (which is part of the Fair Credit Reporting Act (FCRA), against Mr. Pantaleo and Culver Narrows Beer Distributors, Inc. (hereinafter, "Culver"). **DE[27].** Plaintiff alleges that he made a purchase totaling $3.27 from the Culver - Narrows liquor store on September 16, 2012, and that the receipt he was given by Culver displayed more than the last five (5) digits of Plaintiff's credit card number in violation of the truncation requirements of

FACTA.  **DE[27, at ¶19-21 and Exhibit A thereto].**  He filed his initial Complaint just two (2) weeks later, on October 1, 2012, naming the liquor store where he made the purchase as the only defendant.  **DE[1].**  On October 24, 2014, more than two (2) years later, Plaintiff filed a First Amended Complaint naming, for the first time, Andre Pantaleo, the president and owner of the liquor store, as a direct defendant.  **DE[27].**

Significantly, Plaintiff alleges that he made the purchase from the Culver-Narrows liquor store, not from Mr. Pantaleo, individually.  Indeed, Plaintiff does not allege that has even ever met Mr. Pantaleo.  Therefore, Plaintiff has failed to allege facts sufficient to "pierce the corporate veil" and impute potential liability to Mr. Pantaleo.  In any event, Plaintiff filed his First Amended Complaint against Mr. Pantaleo more than two (2) years after his discovery of the alleged FACTA violation occurred and, so, his claims against Mr. Pantaleo are barred by the applicable statute of limitations.

### FACTUAL AND PROCEURAL BACKGROUND

Plaintiff filed his initial Complaint on October 1, 2012.  **See, Docket Entry, hereinafter, "DE," [1].**  After obtaining an extension of its time to Answer, Culver's Answer to Plaintiff's Complaint was filed on December 4, 2012.  **DE[5].**  After an apparent breakdown in communication between client and counsel, Culver's prior counsel moved to withdraw on March 26, 2013, just one day after initial discovery responses were due.  **DE[7].**  The Court granted counsel's motion on April 12, 2013 and gave Culver until May 12, 2013 to retain new counsel. **DE[11].**  On June 24, 2013, the Court entered an Order directing Plaintiff to file a motion to enter default judgment by July 8, 2013.  **DE[06/24/2013].**  The Court ordered that Plaintiff's failure to file its motion by July 8, 2013 would place Plaintiff at risk for a dismissal for lack of prosecution.  Plaintiff did not file its motion by July 8, 2013.  **DE[06/24/2013].**

2

Instead, Plaintiff wrote to the Court twice seeking an extension of its time to file its motion for default/default judgment (the Plaintiff expressed some question as to which motion was required).  **DE[15, 19].**  The Court initially stayed the proceedings pending a conference scheduled for September 6, 2013, which was subsequently cancelled. **DE[17, 07/31/2013].**  The case remained dormant for much of the next year.   As a result, on July 29, 2014, the Court issued a Notice of Impending Dismissal for Failure to Prosecute. **DE[07/29/2014].**

Plaintiff finally requested that a default be entered against Culver on August 12, 2014 and default was entered on September 9, 2014. **DE[24].**  Plaintiff subsequently filed an Amended Complaint on October 24, 2014 and a proof of service of same on Culver on November 17, 2014. **DE[27, 30].**  In the interim, Culver retained new counsel, who promptly began its investigation into this matter.  **DE[33].**  Culver's counsel contacted Plaintiff's counsel and obtained consent for an extension of Culver's time to Answer to December 8, 2014, which was granted by the Court. **DE[33, 11/25/2014].**  Culver has now filed both a Motion to Vacate Default and an Answer to Plaintiff's First Amended Complaint.  The within motion is Mr. Pantaleo's response to the First Amended Complaint.

In his First Amended Complaint, Plaintiff alleges that "[o]n September 16, 2012, Plaintiff made a purchase from Culver at its store located at 990 McDonald Ave. in Brooklyn, New York." **DE[27, at ¶19].**  Notably, Plaintiff does not allege that he made the purchase from Mr. Pantaleo, himself.  **Id.**  Plaintiff goes on to allege that the receipt given to him by Culver "displayed more than the last five digits of Plaintiff's credit card number." **DE[27, at ¶21].** Plaintiff asserts that "Culver accepts credit and debit cards in transacting its business which is the sale of goods to the public," and that "Pantaleo is a principal, officer, director manager,

3

supervisor and/or employee of Culver." **DE[27, at ¶¶24 & 25].** Plaintiff further alleges that Pantaleo undertook the complained-of actions as an "employee[] of Culver…" **DE[27, at ¶26].**

I. <u>LEGAL STANDARD FOR MOTION TO DISMISS</u>

To avoid dismissal based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff's Complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007); s*ee also Fin. Sec. Assurance, Inc. v. Stephens, Inc.*, 500 F.3d 1276, 1282 (11th Cir. 2007) (affirming dismissal of a complaint under *Twombly*). Rather, Plaintiff is obligated to make factual allegations which are "enough to raise a right to relief above the speculative level." *Twombly*, 127 S. Ct. at 1965. The First Amended Complaint must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. While a plaintiff's allegations must generally be taken as true when ruling on a motion to dismiss, the Court is not required to accept "conclusory allegations, [unwarranted deductions of facts] or legal conclusions masquerading as [facts]." *Smith v. Local 819 I.B.T. Pension Plan*, 291 F.3d 236, 240 (2d Cir. 2002).

II. <u>ARGUMENT</u>

    1. <u>Plaintiff Has Failed to Allege Facts Sufficient To Pierce the Corporate Veil and Impute Liability to Andre Pantaleo.</u>

A corporation is an inanimate, artificial entity and can only act through its officers, employees, and other agents. *See Plains Mktg., L.P. v. Kuhn*, 2011 U.S. Dist. LEXIS 119427 (E.D.N.Y. Oct. 17, 2011). As a result, the liability for contracts signed on behalf of a corporation is imputed to the corporation, not the agent. *Id.* To hold an agent or officer personally responsible for the contracts of a corporation requires the court to set aside the corporate form or "pierce the corporate veil." *See Devon Mobile Communs. Liquidating Trust.*,

4

322 B.R. 509, 522-23 (Bankr.. S.D.N.Y. 2005) (discussing the requirements for piercing the corporate veil and holding an officer of a corporation personally liable).

To pierce a corporation's corporate veil, a plaintiff would need to set forth facts showing, first, that an individual abused the corporate form by exerting such domination over the corporation or utilizing it for such personal gain that the corporation was a mere alter-ego. *Plains Mktg., L.P. v. Kuhn*, 2011 U.S. Dist. LEXIS 119427 (E.D.N.Y. Oct. 17, 2011). Supporting factual allegations could include, for example, commingling of funds, undercapitalization, unauthorized diversion of funds, treatment of corporate assets as the individual's own, and failure to observe corporate formalities. *Id.* Second, the plaintiff would need to set forth facts showing that maintaining the corporate form would sanction a fraud, illegality, or injustice against the plaintiff. *Id.*

Here, Plaintiff has not even alleged in a conclusory fashion that Mr. Pantaleo exerted domination over Culver such that Culver was merely his alter-ego, much less provided factual support for such assertions. Plaintiff's First Amended Complaint is completely devoid of any allegations that Mr. Pantaleo engaged in a co-mingling of funds, diverted funds from Culver, treated Culver's assets as his own, or failed to observe corporate formalities. Quite the opposite, Plaintiff alleges that he made the purchase in question from Culver, that Mr. Pantaleo is a principal or officer of Culver, and that Mr. Pantaleo's relevant conduct was undertaken as an employee of Culver. **DE[27, at ¶¶19, 24 & 25].** These allegations do not rise to the level necessary to impute personal liability to Mr. Pantaleo in his capacity as a principal of Culver. Likewise, Plaintiff has not and, indeed, cannot, claim that maintaining Culver's corporate form and dismissing Mr. Pantaleo from this action would work an injustice on Plaintiff. The proper

Defendant, Culver, is named and has answered both Plaintiff's initial Complaint and the First Amended Complaint, and remains present to respond to Plaintiff's allegations.

In *Degraziano v. Verizon Communs., Inc.*, 325 F. Supp. 2d 238 (E.D.N.Y. 2004), the plaintiff sought to hold a parent company (Verizon Communications) liable for its subsidiary wireless provider's (Verizon Wireless) alleged failure to comply with Fair Credit Reporting Act (the "FCRA"), 15 U.S.C. 1681, et seq. ("FCRA.")(FACTA is part of and an amendment to FCRA).  The Court held that the parent was not liable simply because of its ownership interest and, further, that the customer did not plead sufficient facts to support piercing the corporate veil. *Degraziano, supra,* 325 F. Supp. at 246.  Notably, the Court there recognized that the plaintiff actually had gone so far as to allege that the parent companies were liable because of (1) their complete "dominion and control" over Verizon Wireless,  (2) "the closeness of the relationship" between Verizon Wireless  and its parent companies, (3) the fact that all assets and liabilities of the company are reflected on the balance sheets of its parent companies, and (4) as parent companies, Verizon  Communications and Vodafone failed to fulfill their duty of establishing managerial or quality policies, procedures, or controls to ensure that Verizon Wireless  did not violate any laws in the performance of its duties." *Id.*  These allegations go much further than those which Plaintiff, here, asserts in his First Amended Complaint.  Nonetheless, the *Degraziano* Court found that the above allegations were conclusory in nature, and failed to justify piercing the corporate veil in that case. *Id.*  The same should hold true here.

Indeed, here, Plaintiff has not even alleged any of the facts that would be necessary to pierce the corporate veil and hold Mr. Pantaleo personally liable for his actions in his capacity as a principal of Culver.  Again, the Plaintiff, here, has alleged only that Pantaleo is a "principal, officer, director, manager, supervisor and/or employee of Culver," and that Mr. Pantaleo

undertook the complained-of actions as an "employee[] of Culver…" **DE[27, at ¶¶24-26].** These conclusory allegations fall woefully short of the types of allegations that would support imputing personal liability to Mr. Pantaleo in this instance. At best, all Plaintiff has alleged is that Mr. Pantaleo acted, at all times relevant hereto, in his capacity as an officer of Culver. Accordingly, Plaintiff's First Amended Complaint as against Mr. Pantaleo should be dismissed and the matter should proceed as between Plaintiff and Culver.

2. <u>Plaintiff's Claims Against Andre Pantaleo Are Barred by the Statute of Limitations.</u>

15 USCS § 1681p states, in relevant part:

> An action to enforce any liability created under this title [15 USCS §§ 1681 et seq.] may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of--
>
> (1) 2 years after the date of discovery by the plaintiff **of the violation that is the basis for such liability**; or
>
> (2) 5 years after the date on which the violation that is the basis for such liability occurs.

(emphasis added).

Here, it is undisputed that Plaintiff discovered the violation that he claims is the basis for liability no later than October 1, 2012, when he filed his initial Complaint. **DE[1].** Accordingly, it is the two (2) year time period contained in 1681(p)(1) which is applicable to this issue. Plaintiff did not file his First Amended Complaint naming Mr. Pantaleo as a direct defendant until October 24, 2012, more than two (2) years later. **DE[27].** The portions of Plaintiff's First Amended Complaint describing the nature of the alleged violations are nearly identical to those contained in Plaintiff's initial Complaint. **DE[1 at ¶¶1,2, 8, 17, 26, 29, 30, 32, 39, 53] and**

**DE[27 at ¶¶1, 2, 8, 15, 19, 36, 39, 40, 42, 49, 63].** Thus, the nature of the violation alleged did not change from Plaintiff's first pleading to his second and Plaintiff has not alleged that he discovered any new information in the more than two (2) years between the two filings.

Likewise, the Plaintiff's First Amended Complaint is devoid of any allegations that would substantiate a tolling of this time period. **DE[27, generally].** In any event, it has been stated that "a discovery rule does not govern § 1681p. That [statute] explicitly delineates the exceptional case in which discovery triggers the two-year limitation." *Marska v. Kalicki,* 2014 U.S. Dist. LEXIS 25498 (E.D.N.Y. Feb. 27, 2014) *quoting TRW Inc. v. Andrews,* 534 U.S. 19, 23 (2001). Here, the date of Plaintiff's "discovery…of the violation that is the basis for such liability," is not in any doubt. That discovery occurred no later than October 1, 2012, more than two (2) years prior to the filing of Plaintiff's First Amended Complaint naming Mr. Pantaleo as a direct defendant. As such, Plaintiff's claims against Mr. Pantaleo are time-barred.

### III.     CONCLUSION

Based on the foregoing, Andre Pantaleo respectfully requests that his Motion in Lieu of Answer be granted and, as a result, Plaintiff's First Amended Complaint as against Mr. Pantaleo be dismissed.

Respectfully submitted,

Dated: December 9, 2014

By:     /s/*Justin N. Kinney*
Justin N. Kinney, Esq.
**COUGHLIN DUFFY LLP**
**Wall Street Plaza, 28th Floor**
**88 Pine Street**
**New York, New York 10005**
**(212) 483-0105**
E-mail: **jkinney@coughlinduffy.com**
*Attorneys for Defendants,*
*Culver Narrows Beer Distributors, Inc., and*
*Andre Pantaleo*