UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
YAAKOV KATZ, individually and
on behalf of those similarly situated,

                                Case No.: 12-cv-4914(DLI)(VVP)

             Plaintiff,

    v.

CULVER NARROWS BEER DISTRIBUTORS, INC.,
a New York corporation; ANDRE PANTALEO, Individually
and in his Official Capacity on behalf of CULVER NARROWS
BEER DISTRIBUTORS, INC.; and, JOHN AND JANE DOES
NUMBERS 1 THROUGH 25

            Defendants.
-------------------------------------------------------------X

# MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT PANTALEO'S MOTION TO DISMISS IN LIEU OF ANSWER

Shimshon Wexler
The Law Offices of Shimshon Wexler,PC
216 West 104th St. #129
New York, NY 10025
(212) 760-2400
(917) 512-6132 (fax)
swexleresq@gmail.com

William F. Horn
Law Office of William F. Horn
188-01B 71st Crescent
Fresh Meadows, NY 11365
(718)785-0543
(866)596-9003
bill@wfhlegal.com

*Attorneys for Plaintiff, Yaakov Katz*

## I. Background

On September 16, 2012, Plaintiff Yaakov Katz ("Katz" or "Plaintiff") received a computer-generated cash register receipt from Culver Narrows Beer Distriubtors, Inc. ("Culver") a business located in Brooklyn, New York at 990 McDonald Avenue. (Amended Compl.¶ 19, 20, Dkt. No. 27) and owned by Defendant, Andre Pantaleo ("Pantaleo" and together with Culver, the "Defendants"). The receipt included both the expiration date and first six and last four digits of Plaintiff's credit card. (*Id.* at ¶ 21) in violation of 15 U.S.C. § 1681, *et seq.*, the Fair Credit Reporting Act ("FCRA") and, in particular, the Fair and Accurate Credit Transactions Act of 2003, Pub.L. No. 108–159, § 1, 117 Stat.1952, 1952 (2003) ("FACTA"), portion of FCRA.

This action spotlights the consumer credit transaction information disclosed on the receipt Katz was issued by the Defendants. The disclosure by Defendants of ten digits of Katz's credit card number violates § 1681c(g) of FACTA which provides that "[n]o person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of sale or transaction." Further, Katz claims that Defendants' noncompliance with FACTA was willful, and thus mandates statutory damages of $100 to $1000 per violation, attorney's fees and expenses, and any other relief the Court might deem proper, including punitive damages. 15 U.S.C. § 1681(n); (Amended Compl.¶ 64).

On October 24, 2014, with the consent of the Court, Katz filed his Amended Complaint, which added Defendant Andre Pantaleo to the action. Approximately a month and a half later, on December 9, 2014, Pantaleo filed the present motion to dismiss, arguing that Plaintiff's amended complaint failed to plausibly plead piercing the corporate veil as to Pantaleo and the statute of limitations had run on this claim as to Pantaleo.

## II. Standard of Review

On a motion to dismiss, the Court must assume the truth of "all well-pleaded, non conclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.,* 621 F.3d 111, 123 (2d Cir.2010) (citing *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)). To survive a motion to dismiss, a complaint must plead facts sufficient to "state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)—that is, it must "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. However, the court need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). On the other hand, "a complaint need not pin plaintiff's claim for relief to a precise legal theory." *Skinner v. Switzer,* 131 S.Ct. 1289, 1296, 179 L.Ed.2d 233 (2011). All that is required is "a plausible 'short and plain' statement of the plaintiff's claim, not an exposition of his legal argument." *Id.*

## III. The Defendants' Violation

FACTA was passed in 2003 as an amendment to the FCRA. Section 1681c(g) of FACTA imposes restrictions on the disclosure of credit and debit card information by those who accept such cards for point of sale commercial transactions, It provides:

> **Except as otherwise provided in this subsection, no person that accepts credit cards or debit cards for the transaction of business shall print more than the last 5 digits of the card number or the expiration date upon any receipt provided to the cardholder at the point of the sale or transaction.**

15 U.S.C. § 1681c(g)(1) (2009).

Further, FACTA § 1681n outlines civil liability for willful noncompliance, stating in part that:

> **Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—**
>
> **(1) (A) any actual damages sustained by the consumer as a result of the failure or damages of not less than $100 and not more than $1,000, whichever is greater;...**
>
> **(2) such amount of punitive damages as the court may allow; and**
>
> **(3) in the case of any successful action to enforce any liability under this section, the costs of the action together with reasonable attorney's fees as determined by the court ...**

15 U.S.C. § 1681n (2009) (emphasis added).

Plaintiff seeks only the statutory damages of $100 to $1000 per violation, attorney's fees and costs because of the Defendants' violation.

Defendants' motion to dismiss only speaks to Pantaleo's incorrect contention that liability cannot be imputed to him based on the allegations of the Amended Complaint and that any claims against Pantaleo are barred by the statute of limitations.

### IV. The Amended Complaint Alleges Sufficient Facts to Hold Pantaleo Liable for the Issuing of the Violative Receipt

Section 1681a of FACTA outlines the definitions for terms used in the statute. Specifically, it states that "(b) The term "person" means any individual, partnership, corporation,

trust, estate, cooperative, association, government or governmental subdivision or agency, or other entity."

The Amended Complaint ¶ 25 alleges that Pantaleo is a principal, officer, director, manager, supervisor, and/or employee of Culver. The Amended Complaint ¶ 26 also alleges that Pantaleo personally implemented practices with knowledge such practices were contrary to law, and engaged in, acted consistent with and oversaw the illegal conduct of Culver printing credit card receipts with too much information. This is sufficient to state a cause of action against Pantaleo.

In his motion to dismiss, Pantaleo argues exclusively that Plaintiff has not alleged enough facts to pierce the corporate veil and hold Pantaleo personally responsible. Pantaleo misses the mark as Plaintiff is not alleging that Pantaleo should be held liable based on a corporate veil piercing theory. Rather, Plaintiff is alleging that since Pantaleo had personal involvement in the alleged violation, he too is liable for the violation.

The Amended Complaint alleges that Pantaleo personally implemented and thereafter allowed the printing of Plaintiff's credit card receipt which contained the expiration date of the credit card as well as the first six digits of the card number. FACTA is part of a series of consumer protection statutes located at 15 USC in Chapter 41 of the U.S. Code. The Fair Debt Collection Practices Act ("FDCPA") is also found found at 15 USC in chapter 41. In the FDCPA context, Courts have consistently held that where an individual has sufficient personal involvement in the alleged violation, Plaintiff states a claim for individual liability. See *E.g., Teng v. Metropolitan Retail Recovery Inc.,* 851 F.Supp. 61, 67 (E.D.N.Y.1994) (defendant who made actionable phone call could be held personally liable for FDCPA violation; *Musso v.*

*Seiders,* 194 F.R.D. 43, 46-47 (D.Conn.1999) (defendant could be held liable because he knew of the allegedly unlawful procedures being used but nevertheless approved or ratified them); *Williams v. Professional Collection Services, Inc.,* 2004 WL 5462235 *4 (E.D.N.Y.2004) ("high ranking employee, executive, or director of a collection agency may fall within the statutory definition of a debt collector ...."); *Ohlson v. The Cadle Co.,* 2006 WL 721505 *3 (E.D.N.Y.2006) (officers and employees may be "jointly and severally liable with the agency where they have affirmatively acted").

When a corporation violates a statute, individuals who "voluntarily and intentionally caused the corporation to act" in violation of the statute can be personally liable for those statutory violations, such as when a director votes for the commission of an unlawful act. *Tillman v. Wheaton–Haven Recreation Ass'n, Inc.,* 517 F.2d 1141, 1144 (4th Cir.1975) (holding that individual directors of a community swimming pool could be liable under 42 U.S.C. § 1981 if they "personally participate[d]" in the alleged discrimination against black applicants); *see also Fed. Trade Comm'n v. World Media Brokers,* 415 F.3d 758, 764 (7th Cir.2005) (holding that if a corporation violates the Federal Trade Commission Act, individual officers are also liable if they "participated directly in the deceptive acts or practices or had authority to control them"); *Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,* 173 F.3d 725, 734 (9th Cir.1999) ("A corporate officer or director is, in general, personally liable for all torts which he authorizes or directs or in which he participates, notwithstanding that he acted as an agent of the corporation and not on his own behalf.... Having [violated the Lanham Act, the individual defendant could not] hide behind the corporation where he [was] an actual participant in the tort."); *United States v. Pollution Abatement Servs., Inc.,* 763 F.2d 133, 135 (2d Cir.1985) ( "In light of the clear congressional intent to hold 'person[s]' liable for violations [of the Rivers and Harbors

Appropriation Act of 1899], we see no reason to shield from civil liability those corporate officers who are personally involved in or directly responsible for statutorily proscribed activity.") These cases reflect the general tort rule that "corporate officers or agents are personally liable for those torts which they personally commit, or which they inspire or participate in, even though performed in the name of an artificial body."

The Court should deny Pantaleo's motion that he cannot be held responsible for the issuing of the receipt to the Plaintiff.

## V. The Amended Complaint Relates Back to the Original Complaint

Fed. R. Civ. P. 15 "Amended and Supplemental Pleadings" provides:

**(c) Relation Back of Amendments.**

**(1)** *When an Amendment Relates Back.* **An amendment to a pleading relates back to the date of the original pleading when:**

**(A) the law that provides the applicable statute of limitations allows relation back;**

**(B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or**

**(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:**

**(i) received such notice of the action that it will not be prejudiced in defending on the merits; and**

**(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.**

"If a complaint is amended to include an additional defendant after the statute of limitations has run, the amended complaint is not time barred if it 'relates back' to a timely filed complaint." *VKK Corp. v. Nat'l Football League,* 244 F.3d 114, 128 (2d Cir.2001).

Rule 15(c)(1)(B) is satisfied because the amended claim concerns the same conduct at issue in the original Complaint, namely the issuing of the credit card receipt to the Plaintiff.

Pantaleo also received timely notice of the action. The "linchpin" of relation back doctrine is notice within the limitations period, so that the later-named party will not be prejudiced in defending the case on the merits. *Velez v. Fogarty,* No. 06 Civ. 13186(LAK)(HBP), 2008 WL 5062601, at *5 (S.D.N.Y. Nov. 20, 2008).

Here, the Original Complaint was filed on October 1, 2012. Culver was served October 15, 2012. Shortly thereafter, Pantaleo signed a retainer agreement with his first lawyers in this case. The retainer agreement was dated November 6, 2012. (See DktNo. 7 ExhibitA). Paragraph 16 of that Complaint states "Defendants Does 1-10 are individual officers, directors, employees and agents of Defendant who authorized directed or participated in the violations complained of." Thus, Pantaleo was certainly on notice that this action existed.

As the Supreme Court succinctly put it "[t]he linchpin [of Rule 15(c) ] is notice, and notice within the limitations period." *Schiavone v. Fortune,* 477 U.S. 21, 31, 106 S.Ct. 2379, 91 L.Ed.2d 18 (1986). "[T]he test is whether the facts alleged in the original complaint give sufficient notice of the conduct and transactions underlying the amendment to avoid unfair and prejudicial surprise to the defendant.". *See Capitol Records, Inc. v. Naxos of Am., Inc.,* 262 F.Supp.2d 204, 216 (S.D.N.Y.2003) Pantaleo signed a retainer agreement with his first lawyers in this case. The retainer agreement was dated November 6, 2012. (See Dkt, 7 ExhibitA).Thus, Pantaleo had timely notice of this action within the meaning of Rule 15(c)(1).

Lastly, Pantaleo "knew or should have known that the action would have been brought against [him], but for a mistake concerning the proper party's identity." as explained by the Supreme Court in <u>Krupski v. Costa Crociere S.p.A.,</u> 560 U.S. 538 (2010) .

In *Krupski,* the plaintiff brought suit against a corporate entity for injuries sustained on board a cruise ship. Although the initial suit named Costa Cruise, the North American sales and marketing agent for Costa Crociere, the actual carrier and proper defendant, the Court found that the petitioner's decision to name Costa Cruise constituted a "mistake" within the meaning of <u>Rule 15(c)</u>. *Krupski,* <u>130 S.Ct. at 2498.</u> Accordingly, the amendment adding Costa Crociere as a defendant properly related back to the date of the original pleading. Writing for a unanimous Court, Justice Sotomayor held that "relation back under <u>Rule 15(c)(1)(C)</u> depends on what the party to be added knew or should have known, not on the amending party's knowledge or its timeliness in seeking to amend the pleading." *Krupski,* <u>130 S.Ct. at 2490</u>.

The Supreme Court expressly contemplated relation back where a plaintiff knows the existence of a prospective defendant but lacks knowledge of that defendant's liability at the time of filing:

> **That a plaintiff knows of a party's existence does not preclude her from making a mistake with respect to that party's identity. A plaintiff may know that a prospective defendant—call him party A—exists, while erroneously believing him to have the status of party B. Similarly, a plaintiff may know generally what party A does while misunderstanding the roles that party A and party B played in the "conduct, transaction, or occurrence" giving rise to her claim. If the plaintiff sues party B**

> **instead of party A under these circumstances, she has made a "mistake concerning the proper party's identity" notwithstanding her knowledge of the existence of both parties.**

*Krupski,* 130 S.Ct. at 2494.

Thus, it is clear that a mistake "concerning the proper party's identity" under Rule 15(c) includes lack of knowledge regarding the conduct or liability of that party. *Berry v. Village of Millbrook,* No. 09 Civ. 4234(KMK), 2010 WL 3932289, at *5 (S.D.N.Y. Sept. 29, 2010).

Alternatively, even if the Court were to hold that the Amended Complaint does not relate back to the original Complaint, the Amended Complaint as to Pantaleo is still timely. The Amended Complaint was filed on October 24, 2014. The applicable statute of limitations for this case is found at 1681p which provides: "An action to enforce any liability created under this title may be brought ... not later than the earlier of (1) 2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or (2) 5 years after the date on which the violation that is the basis for such liability occurs."

The shorter two-year statute runs from the date when Plaintiff was on 'inquiry notice' regarding Pantaleo's FCRA violation. *See Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt P.C.,* 701 F.Supp.2d 340, 350 (E.D.N.Y.2010) and *Willey v. J.P. Morgan Chase, N.A.,* No. 09 Civ.1937, 2009 WL 1938987, at *5 (S.D.N.Y. July 7, 2009). The earliest Plaintiff could be considered on inquiry notice regarding Pantaleo's involvement in this case is when he received Culver's Rule 26 initial disclosures dated January 25, 2013. Thus this claim is timely as it was filed before January 25, 2015. See Willey at 5-6 for a discussion on 'inquiry notice'.

For the foregoing reasons, Plaintiff's claims against Pantaleo are timely.

## VI. CONCLUSION

Based on the foregoing facts and arguments, Pantaleo has failed to offer grounds sufficient to support his Motion to Dismiss and, therefore, the Plaintiff respectfully requests that the Court deny his Motion and set a schedule for this case to move forward.

Respectfully submitted this 6th Day of January 2015.

*s/ Shimshon Wexler*
Shimshon Wexler (SW-0770)
The Law Offices of Shimshon Wexler, PC
216 West 104th St., #129
New York, New York 10025
Telephone: (212) 760-2400
Facsimile: (917) 512-6132


William F. Horn, Esq. (WH-1070)
LAW OFFICE OF WILLIAM F. HORN
188-01B 71st Crescent
Fresh Meadows, NY 11365
Telephone: (718) 785-0543
Facsimile:  (866) 596-9003
Email: bill@wfhlegal.com

*Attorneys for Plaintiff, Yaakov Katz, and all others similarly situated*